# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JOHNNY V. JACOBS,<br><br>　　Plaintiff,<br><br>v.<br><br>RYDER TRUCK RENTAL, INC.<br><br>　　Defendant. | Civil Action No.: |

## PLAINTIFF'S REDACTED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Johnny Jacobs (hereinafter "Plaintiff"), and files this, his Complaint for Damages against Defendant Ryder Truck Rental, Inc. (hereinafter "Defendant"), showing the Court the following:

## INTRODUCTION

1.

[REDACTED]

███████████████████████████████████████████

███████████████████████████████

## THE PARTIES

2.

Plaintiff is a former employee of Defendant that always received positive evaluations during his employment.  He is a citizen of the State of Georgia who resides at 107 Massey Street, Pooler, Georgia  31322.

3.

Defendant is a company that rents trucks as well as provides fleet management solutions for businesses.  Defendant employs more than five hundred people and is covered by the ADA.  Defendant may be served via its registered agent, the Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia, 30006.

## JURISDICTION AND VENUE

4.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1331 because this case arises under the ADA.

5.

Venue is proper in this court under 28 U.S.C. § 1391 because Defendant is located in this judicial district and the location of its registered agent along with its

multiple offices make its contacts sufficient to subject it to personal jurisdiction if this district were a separate State.

6.

This Court has personal jurisdiction over Defendant because it has offices and other locations in this district and transacts significant business in this District.

7.

All conditions precedent to the institution of this suit have been fulfilled. On December 21, 2021, Plaintiff timely filed charges with the Equal Employment Opportunity Commission, Charge No. 415-2022-00156. The Notice of Right to Sue was mailed on June 3, 2022. This action has been filed within ninety (90) days of receipt of said Notice.

## FACTUAL ALLEGATIONS

### Defendant's Retaliation, Refusal to Accommodate, and Discrimination Against Plaintiff.

8.

Plaintiff was a long-term employee that Defendant hired on May 22, 2008. For more than thirteen (13) years Plaintiff served as an employee in good standing that received positive performance evaluations.

9.

Plaintiff has permanent blindness in his right eye and has limited seeing in his left eye that is permanent but can be controlled.

10.

Plaintiff's impairment substantially limits his ability to perform daily activities requiring functional vision.

11.

On September 23, 2020, Plaintiff's supervisor, Jesse Apodaca, took away his driving privileges completely and refused to allow him to drive any vehicle in any capacity.

12.

Mr. Apodaca discriminated against Plaintiff because of his disability by prohibiting him from performing any driving. According to Plaintiff's doctors he was able to safety drive on the property.

13.

Plaintiff confronted Mr. Apodaca regarding the wrongful nature of Mr. Apodaca's denial of Plaintiff's driving privileges. Mr. Apodaca responded, "This is Ryder. I can do what I want."

14.

On September 28, 2020, Dr. Kim completed a form indicating that Plaintiff had a disability, could safely perform all essential functions, and requested an accommodation of large print.

15.

On October 6, 2020, Plaintiff requested an accommodation of larger print on documents and computers.

16.

In November 2020, Plaintiff reached out to the EEOC regarding the disability discrimination he had been facing. Plaintiff filed EEOC Charge No. 415-2021-00420 due to Defendant's denial of his driving privileges and failure to accommodate him with large print.

17.

On February 11, 2021, Defendant evaluated Plaintiff's performance. Plaintiff received an "A" in Safety, and "A" in Quality, but a "B" in Speed due to the percentage of his unaccounted time. The sole area where Plaintiff had a lower score was in tech time in repair. This occurred because Mr. Apodaca denied his driving privileges. As a result of Mr. Apodaca denying his driving privileges, Plaintiff had to beg co-workers to bring the vehicles to the shop for him, which delayed his work. Plaintiff complained to Mr. Apodaca over text message that his discrimination impacted Plaintiff's bonus.

18.

On August 9, 2021, Plaintiff and Defendant reached an agreement to reinstate Plaintiff's driving privileges and Mr. Apodaca underwent ADA training in exchange for Mr. Jacobs dismissing Plaintiff's EEOC charge of discrimination.

19.

████████████████████████████████████████████████████████████

████████████

20.

Mr. Apodaca, the same Sr. Manager that received training as a result of Plaintiff's prior EEOC charge, terminated Plaintiff's employment on November 8, 2021.

21.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

22.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

23.

Plaintiff sent Mr. Apodaca a text message containing photo of the form showing that the oil filter was out of stock and explained to Mr. Apodaca that he

6

did not change the filter on the vehicle. Mr. Apodaca ignored Plaintiff's explanation and provided no response.

24.

Nearly a month lapsed between the alleged performance violation and Plaintiff's termination. No one raised performance concerns to Plaintiff prior to his termination meeting.

25.

Plaintiff was a thirteen (13) year employee who received no progressive discipline. Plaintiff's termination was the first discipline that he received.

26.

Additionally, on other occasions Defendant's employees damaged vehicles but were not subjected to termination.

27.

Plaintiff appealed his termination to Ryder Human Resources but did not receive a substantive response.

28.

Plaintiff has diligently looked for work following Ryder's termination of his employment. Due to Plaintiff's disability and because Ryder contends that it terminated Plaintiff for cause, Plaintiff has been unable to obtain comparable employment.

## COUNT ONE: ADA RETALIATION

29.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

30.

At all times relevant hereto, Plaintiff had a disability or was regarded as disabled by Defendant. 29 C.F.R. 1630.2(g).

31.

At all times relevant hereto, Plaintiff had or was regarded as having a condition that limits major life activities, including, but not limited to, seeing, pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operation of major bodily functions.

32.

Plaintiff was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation(s).

33.

Plaintiff engaged in protected activity when he requested a reasonable accommodation from Defendant, opposed Mr. Apodaca's discrimination, filed a charge of discrimination with the EEOC, participated in the EEOC's process, and caused Mr. Apodaca to be subjected to disability discrimination training.

34.

█████████████████████████████████████████

████████████████████████████

35.

Defendant took the adverse employment action because of Plaintiff's protected activity.

36.

Plaintiff suffered damages because of the adverse employment action. As a direct result of Defendant's retaliation, Plaintiff has suffered and continues to suffer damages from those wrongful acts and is entitled to the relief sought in the prayer for relief.

## **COUNT TWO: ADA DISCRIMINATORY DISCHARGE**

37.

Plaintiff incorporates herein by reference the allegations set forth in the preceding paragraphs of his Complaint as if fully set forth herein.

38.

At all times relevant hereto, Plaintiff Jacobs had a disability or was regarded as disabled by Defendant. 29 C.F.R. 1630.2(g).

39.

At all times relevant hereto, Plaintiff had or was regarded as having a condition that limits major life activities, including, but not limited to, seeing,

pursuant to 42 U.S.C. 12102(2)(A) and 29 CFR 1630.2(i)(1)(i), and which limits the operating of major bodily functions.

40.

Plaintiff was at all relevant times qualified for his position and able to perform all of the essential functions of this position with or without a reasonable accommodation.

41.

Defendant terminated Plaintiff because of his disability and/or because it regarded him as disabled.

42.

As a direct result of Defendant's termination of Plaintiff, Plaintiff has suffered and continues to suffer damages from that wrongful act and is entitled to the relief sought in the prayer for relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court grant the following relief:

a. That Plaintiff have and recover from Defendant lost back pay and benefits, with prejudgment interest thereon;

b. That the Court order Defendant to rehire Plaintiff to his prior position, with salary and fringe benefits that he would have received in that position since the date of his termination, as applicable; or, in the alternative, award front pay and

benefits in an amount sufficient to compensate his for the loss of future salary and fringe benefits;

c. That Plaintiff have and recover compensatory damages in an amount to be determined by a jury;

d. That Plaintiff have and recover punitive damages in an amount to be determined by a jury;

f. That Plaintiff recover his attorneys' fees and costs of litigation pursuant to all applicable federal laws; and

g. Any and other such further relief this Court or the Finder of Fact deems equitable and just.

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

This 20th day of July, 2022.

Respectfully submitted,

By: */s/ Julie H. Burke*
Julie H. Burke
Georgia Bar No. 448095
HILL, KERTSCHER & WHARTON, LLP
3625 Cumberland Blvd., SE, Ste. 1050
Atlanta, GA  30339-6406
Telephone:  770-953-0995
E-mail:  jb@hkw-law.com

*Attorney for Plaintiff*

11